IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WARD W. KIDDER,

      **Plaintiff,**

vs.                                No. CIV 1:13-CV-00391 KG/CG

**INTEL CORPORATION,**

      **Defendant.**

## AMENDED PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16. The parties conferred and submit the following Pretrial Order.

**I.  APPEARANCES**

Attorneys who will try this action:

| | |
|---|---|
| For Plaintiff: | Donald G. Gilpin, Esq.<br>6100 Indian School Road, NE<br>Albuquerque, New Mexico 87110-4180<br>Tel: (505) 244-3861<br>Fax: (505) 254-0044<br>E-Mail: ggd48@aol.com |
| For Defendant: | Paul Maestas, Esq.<br>Sun Valley Commercial Center<br>316 Osuna Road, NE, Suite 103<br>Albuquerque, New Mexico  87107-5950<br>Tel: (505) 247-8100<br>Fax: (505) 247-8125<br>E-Mail: paul@maestasandsuggett.com |

## II. JURISDICTION AND RELIEF SOUGHT

A. **Subject Matter Jurisdiction.**

    1. **Was this action removed or transferred from another forum?** X Yes _ No

    If yes, was the action removed or transferred?

    X    Removed    _____ Transferred    _____ Original forum

    2. **Is subject matter jurisdiction of this Court contested?**

    X    Uncontested    _____ Contested    _____ Party contesting

    3. **Asserted basis for jurisdiction.**

    _____ Federal Question    X    Diversity    _____ Other

    Statutory Provision(s) Invoked:

B. **Personal Jurisdiction and Venue.**

    1. **Is personal jurisdiction contested?**

    X    Uncontested    _____ Contested

    Identify the party contesting personal jurisdiction and basis for objection: N/A.

    2. **Is venue contested?**

    X    Uncontested    _____ Contested    _____ Party Contesting

    Identify the party contesting personal jurisdiction and basis for objection: N/A.

C. **Are the proper parties before the Court?**

    X    Uncontested    _____ Contested

    If contested, identify each missing party or improper party and the basis for contention: N/A.

D. **Identify the affirmative relief sought in this action.**

1. Plaintiff seeks: Damages for alleged personal injuries.

2. Defendant seeks: A dismissal of Plaintiff's claim for personal injuries with prejudice. See Defendant Intel Corporation's Motion for Summary Judgment filed on May 1, 2014.

3. Other party seeks: N/A.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.** **Plaintiff's claims:** Plaintiff alleges while working for Intel he was exposed to lead during the course of his employment with Defendant. Plaintiff alleges that Intel engaged in reckless conduct by exposing him to lead airborne particles with issuing or requiring personal protection equipment. Plaintiff suffered personal injuries and is now 100 % disabled. Plaintiff's injuries are permanent. Plaintiff has suffered damages in the form of lost wages, benefits, medical treatment, pain and suffering, loss of enjoyment of life and permanent impairment.

**B.** **Defendant's defenses:** Defendant denies that the alleged exposures at issue in this lawsuit occurred or that the Plaintiff was exposed to lead during the course of his employment with Defendant. Defendant further denies that it was in any way negligent and that its alleged negligence or alleged conduct proximately caused any injuries to Plaintiff. Defendant further contends that it employed Plaintiff between August 16, 1993 and January 4, 2012 and at all times material to the alleged lead exposures at issue in this lawsuit. Defendant further alleges that, if the alleged exposures to lead occurred, which Defendant denies, the alleged exposures to lead arose out of and in the course of Plaintiff's employment with Defendant and, as such, Defendant is protected from the claims asserted against it in this lawsuit by the exclusive remedy provisions of the New Mexico Workers' Compensation Act. Finally, Defendant asserts that the Plaintiff's Complaint failed to allege facts that meet the criteria outlined in *Delgado v. Phelps Dodge Chino, Inc*.

**C.** **Claims or defenses of other party:  N/A.**

3

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

### A.  Stipulated Factual Contentions.

The parties agree to the following facts listed separately below:

1. Plaintiff was an employee of Defendant from August 16, 1993 through January 4, 2012.

2. That the Plaintiff's alleged exposures to lead at issue in this lawsuit, if they occurred which Defendant denies, arose out of and in the course of his employment with Defendant.

### B.  Contested Material Facts.

A    Plaintiff's Contentions:

1.   Plaintiff's last position was that of a Manufacturing Technician.

2.   In 2008 to 2010, Intel directed Plaintiff to work on a new process, Tool Set 1263.  The process involved applying the tool set to lead contacts on wafer boards.

3.   Unbeknownst to Plaintiff, the process exposed him to high concentrations of lead from the dust and airborne particles.

4.   In late 2009 and early 2010, Plaintiff began experiencing severe health and behavioral issues.

5.   The health issues included memory loss, headaches, problems sleeping, breathing, joint pain, anxiety, damage to his organs, muscle weakness and muscle spasms.

6.   Plaintiff starting taking time off from work to seek medical treatment.

7. Plaintiff's condition worsened to a point at which Plaintiff could no longer work.

8. In February of 2010, Plaintiff was informed by his physician, a New Mexico Certified Toxicologist, that he had lead poisoning.

9. Plaintiff reported his doctor's finding to Intel.

10. Intel initially opened a Worker's Compensation claim, but closed the claim and informed Plaintiff that his condition was not work related.

11. Plaintiff requested information from Intel regarding the OSHA specifications for the process he had been doing for several years. Intel informed Plaintiff they had no such information for Tool Set 1263.

12. An engineer at Intel told Plaintiff, off the record, that Intel should have provided Plaintiff safety equipment for the process he was working.

13. Plaintiff had to go onto long term disability and apply and receive Social Security Disability as a result of his deteriorating health.

14. As a result of Intel's conduct, Plaintiff has suffered lost wages and benefits.

15. As a result of Intel's conduct, Plaintiff has suffered permanent personal injuries and impairments. Plaintiff is completely disabled and can no longer obtain employment.

16. As a result of Intel's conduct, Plaintiff has suffered pain, loss of enjoyment of life, mental anguish, reduced life expectancy, and other damages.

B. Defendant's Contentions:

1. Plaintiff was not exposed to lead while working for Defendant as alleged in the Complaint.

2. The Plaintiff has failed to prove that he was exposed to lead while working for Defendant.

3. The Plaintiff has failed to meet the criteria or make the showings necessary, as outlined in *Delgado v. Phelps Dodge Chino, Inc.* and its progeny, so as to proceed in tort against Defendant.

4. The Plaintiff claims are not viable and are precluded by the exclusive remedy provisions of the New Mexico Workers' Compensation Act.

5. Plaintiff's alleged injuries are not causally related to his alleged exposure to lead while working for Defendant.

6. The Plaintiff does not suffer from lead induced toxicity or medical problems and difficulties that are causally related to Plaintiff's alleged lead exposure while working for Defendant.

7. The medical problems/injuries claimed by the Plaintiff in connection with this lawsuit were caused by medical and health issues not related to his alleged exposure to lead while working for Defendant.

3. Contentions of Other Party:   N/A.

# V.  APPLICABLE LAW

A. Do the parties agree which law controls the action?

X   Yes  _____ No

**If yes, identify the applicable law:**  New Mexico law.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

1. Plaintiff:   N/A.

2. Defendant:  N/A.

3. Other Party:  N/A.

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1. Plaintiff:

   a. Whether Plaintiff's personal injuries are causally related to Plaintiff's employment at Intel.

   b. Whether Intel's conduct was reckless.

   c. Whether Plaintiff suffered damages; and

   d. Whether Plaintiff is entitled to costs.

2. Defendant:

   a. Whether Plaintiff's claims are precluded by the exclusive remedy provisions of the New Mexico Workers' Compensation Act?

   b. Whether the Plaintiff has made the showing required by *Delgado v. Phelps Dodge Chino, Inc.* and its progeny so at to proceed in tort against Defendant in this lawsuit?

   c. The issues raised and disputed in connection with Defendant's Motion for Summary Judgment.

3. Other Party:  N/A.

## VII. MOTIONS

A. **Pending Motions (indicate the date filed):**

    1. Plaintiff: N/A

    2. Defendant: Amended Motion in Limine (Doc. 52) filed 7/8/14.

    3. Other Party: N/A.

B. **Motions which may be filed:**

    1. Plaintiff: Possible Motions in Limine

    2. Defendant: None other than a potential *Daubert* motion and motions in limine.

    3. Other Party: N/A.

## VIII. DISCOVERY

A. **Has discovery been completed?** X Yes _____ No

    If no, discovery terminates on:

B. **Are there any discovery matters of which the Court should be aware?** None at this time.

## IX. ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

A.  **Plaintiff's Witnesses:**

1. Plaintiff will call or have available at trial the following witnesses:

a. Ward W. Kidder
 o/c Donald G. Gilpin
 The Gilpin Law Firm, LLC
 6100 Indian School Rd., NE, Suite 201
 Albuquerque, New Mexico 87110
 (505) 244-3861

Mr. Kidder will testify as to the events surrounding his exposure to lead, his work environment and the damages.

b. Maria Elena Kidder
 o/c Donald G. Gilpin
 The Gilpin Law Firm, LLC
 6100 Indian School Rd., NE, Suite 201
 Albuquerque, New Mexico 87110
 (505) 244-3861

Mrs. Kidder will testify as to the damages and medical treatment suffered by Plaintiff.

c. Dr. Jan C. Jay, D.O.M., Expanded License
 Enhanced Wellness
 5200 Eubank Blvd., NE, Ste. C-3
 Albuquerque, New Mexico 87111

Dr. Jay will testify as a treating physician that she made the diagnosis that Plaintiff had been exposed to high concentrations of lead.

2. Plaintiff may call the following witnesses:

a. Lisa M. Segall
 Intel Employee
 Intel Corporation
 4100 Sara Rd., SE
 Rio Rancho, New Mexico 87124-1025

Ms. Segall will testify as to the events surrounding Plaintiff's exposure to lead and the work related environment.

b. Donald McClelland
 Intel Employee
 Intel Corporation
 4100 Sara Rd., SE
 Rio Rancho, New Mexico 87124-1025

Mr. McClelland will testify as to the events surrounding Plaintiff's exposure to lead and the work related environment.

c. Stan Zamora
Intel Employee
Intel Corporation
4100 Sara Rd., SE
Rio Rancho, New Mexico 87124-1025

Mr. Zamora will testify as to the events surrounding Plaintiff's exposure to lead and the work related environment.

d. Abad Valdez
Intel Employee
Intel Corporation
4100 Sara Rd., SE
Rio Rancho, New Mexico 87124-1025

Mr. Valdez will testify as to the events surrounding Plaintiff's exposure to lead and the work related environment.

e. David Sego
Intel Employee
Intel Corporation
4100 Sara Rd., SE
Rio Rancho, New Mexico 87124-1025

Mr. Sego will testify as to the events surrounding Plaintiff's exposure to lead and the work related environment.

f. Eric Toledo
Intel Employee
Intel Corporation
4100 Sara Rd., SE
Rio Rancho, New Mexico 87124-1025

Mr. Toledo will testify as to the events surrounding Plaintiff's exposure to lead and the work related environment.

g. Christine Dullea
Intel Nurse
Intel Corporation
4100 Sara Rd., SE
Rio Rancho, New Mexico 87124-1025

Ms. Dullea will testify as to the events surrounding Plaintiff's reporting of exposure to lead and actions taken by Intel.

B.   **Defendant's Witnesses:**

    1.   Defendant will call or have available at trial the following witnesses:

        a. **Mike Kemp, CSP**.  Mr. Kemp may be reached Intel's counsel.

        b. **Dr. Don Fisher**.  10400 Academy Road, N.E. Suite 380, Albuquerque, New Mexico 87111.  Phone Number (505) 275-7905.

    2.   Defendant may call the following witnesses:

        a.   **Vivian Ortiz-Hernandez**.  Ms. Ortiz-Hernandez may be reached through Defendant's counsel.

        b.   **Dr. William E. Foote**.  Dr. Foote's address is 215 Gold Avenue, SW, Suite 202, Albuquerque, New Mexico 87102-3364.  Phone No. (505) 243-2777.  Fax No. (505) 243-2776.

        c.   **Christina Dullea**.  See Ms. Dullea's deposition transcript for her address.  She may be reached through Defendant's counsel.

        d.   Any of the witnesses identified by the Plaintiff above may also be called to testify on behalf of Defendant at the trial of this lawsuit.

## X.  TRIAL PREPARATION

**A.   Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than July 8, 2014.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than July 18, 2014.  Each party's contested exhibit list must be filed on the date identified in the preceding paragraph.

All exhibits must be marked before trial.  Exhibits must be marked numerically

11

and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.     Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties by July 8, 2014. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must mark those portions of the requested deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing by July 13, 2014.

**C.     Voir Dire.**

1. If allowed, do the parties which to participate in voir dire?

    Plaintiff            X    Yes _____ No

    Defendant         X    Yes _____ No

    Other Party       _____ Yes _____ No

2. Each party wishing to participate in voir dire must serve on all parties and file with the Clerk a pleading entitled "Proposed Voir Dire Questions." The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions. This request must be filed by July 21, 2014.

**D.     Jury Instructions and Verdict.**

**1.     In General.**  The parties must confer about proposed jury instructions. The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given.  The stock instructions are available from the Court's web site.  The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

**2.     Sources for Instructions.**  If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

**3.     Submission of Proposed Instructions.**  The parties must submit one mutually approved set of jury instructions by <u>July 11, 2014</u>.  For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4.     Form of Instructions.**

   a.     Submit sets of double-spaced instructions as follows:

   _0_ set(s) of originals without citations and headed "Instruction No. ___"; and

   _0_ set(s) with citations and numbered accordingly, one of which will be filed.

  b. Submit all instructions in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

  c. Submit no more than one instruction to a page.

  d. All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

  e. Submit a cover sheet on all sets of instructions.

 **5.** **Deadlines for Submitting Instructions**.

  a. Instructions shall be filed by <u>July 11, 2014</u>.

  b. Supplemental unanticipated jury instructions may be submitted at trial.

**E.** **Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection. The statement must be submitted to the Court by <u>July 8, 2014</u>.

**F.** **Submission for Bench Trials.**

 1. The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than _____ calendar days before trial. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

2. If requested, submit the findings of fact and conclusions of law in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

## XI. OTHER MATTERS

A. **Settlement Possibilities.**

1. The possibility of settlement in this case is considered:

   \_\_\_\_ Poor   X Fair_____ Good \_\_\_\_\_ Excellent   _____ Unknown

2. Do the parties have a settlement conference set with the assigned Magistrate Judge?

   _____ Yes  X   No   If yes, when? _____

   If a settlement conference has already been held, indicate approximate date:

   The scheduled April 25, 2014 settlement conference was cancelled by Judge Carmen E. Garza.

   Would a follow-up settlement conference be beneficial?   _____ Yes   X No

3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

   If yes, please identify:  N/A.

   If no, explain why not:   The parties have engaged in settlement discussions/negotiations but have been unable to resolve the issues presented by this lawsuit and would like the issues presented by this lawsuit resolved by a Federal Court Jury Trial as requested by the pleadings.

B. **Length of Trial and Trial Setting.**

1. This action is a   _____ Bench Trial  X    Jury Trial   _____ Both

15

2. The case is set for trial on July 28, 2014-August 1, 2014. If there is no setting, the parties estimate they will be ready for trial by N/A.

3. The estimated length of trial is Four (4) days.

## XII. EXCEPTIONS

Plaintiff: None.

Defendant: None.

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 19th day of June, 2014.

/s/ electronically on 6/19/14
_____
Donald G. Gilpin, Esq.
Attorney for Plaintiff, Ward W. Kidder
6100 Indian School Road, NE
Albuquerque, New Mexico 87110-4180
Tel: (505) 244-3861
Fax: (505) 254-0044
E-Mail: ggd48@aol.com

/s/ electronically on 6/19/14
_____
Paul Maestas, Esq.
Attorney for Defendant, Intel Corporation
Sun Valley Commercial Center
316 Osuna Road, NE, Suite 103
Albuquerque, New Mexico 87107-5950
Tel: (505) 247-8100
Fax: (505) 247-8125
E-Mail: paul@maestasandsuggett.com

Dated: July 15, 2014

_____
UNITED STATES DISTRICT JUDGE